Thomson, J.
On September 28,1897, The Louisville Coal Mining Company made and delivered to The Citizens Coal & Coke Company, its negotiable promissory note for $935, payable two years from date. On December 22, 1899, The International Trust Company brought suit against the maker to recover the amount of the note, alleging that before the maturity of the note, for value received, the payee éndorsed and *346 transferred the paper to it. The defendant demurred to the complaint on the grounds that it did not state a cause of action, and that it did not show that the note was assigned or endorsed to the plaintiff in manner and form as by statute provided. The demurrer was overruled, 'and, the defendant declining to plead further, judgment was rendered against it for the amount due. The defendant brings the case here by writ of error.
The objection to the complaint urged by the defendant, is that it does not sufficiently show the delivery of the note to the plaintiff after its endorsement. The argument is that the right of an assignee to sue on a promissory note in his own name, is statutory ; and that to show a compliance with the statute, the complaint should aver ‘ ‘ that the payee by endorsement on the note, and under his hand, assigned and then delivered the note to the assignee. ” The stated ment in the complaint is that the payee “endorsed and transferred” the note to the plaintiff. If that allegation does not mean that the payee by endorsement on the note, and under his hand, assigned and then delivered the note to the plaintiff, it has no meaning. The endorsement of a note by tlie payee is the writing by him of his name on its back; and its transfer by .him to another is- the making over of its possession to that other. However, the statement was unnecessarily full. A simple allegation that the payee endorsed the note to the plaintiff would have been sufficient. That statement would have implied a delivery, and a specific averment of transfer was unnecessary. Such is the purport of our statute concerning negotiable instruments. — Session Laws, 1897, p. 210.
Section 30 of that statute provides that a note payable to order is negotiated by the endorsement of the holder completed by delivery; and, by the terms *347 of section 190 of the same statute, which contains a definition of terms used in the act,, the word endorser ment ’ ’ means an endorsement completed hy delivery. These provisions are simply declaratory of pre-existing law —Clark v. Sigourney, 17 Conn. 511, 522.
The demurrer was properly overruled, and the judgment should bé affirmed.

Affirmed.